Gaston, Judge,
 

 after stating the case as above, pro- , ceeded as follows: — The case as charged, is not admitted by the defendant’s answer, and proofs have been taken to support it. But to us it seems unnecessary to examine these proofs, for that the bill cannot be supported. It is argued for the plaintiff, that the tenant for life ought to be regarded as a trustee for him in remainder; and that the trust fund having been converted intoother property, he can, by the rules of this court, pursue the property so substituted. If we concede to the plaintiff, the position that the widow was
 
 quasi
 
 a trustee for him, (a point on which we do not express an opinion,) we are yet unable to see upon what principles of a court of equity, the property now claimed became
 
 his.
 
 The sales may be either repudiated or ratified. If repudiated, the slaves sold belong to the plaintiff, and he has a legal interest in them; he may claim them wherever found. If the sales be adopted he may be entitled to
 
 their price,
 
 and to hold the trustee responsible for it. There are cases too, in which a
 
 cestui que trust,
 
 or one standing in a situation analogous to that of a
 
 cestui que trust,
 
 may pursue property acquired by a misapplication of the trust funds, whether in the hands of the trustee, or of one who has obtained that property gratuitously, or with notice, in order to have satisfaction of his claim for compensation.
 
 Ryall
 
 v.
 
 Ryall,
 
 1 Atk. 59. But this bill does not seek to
 
 charge
 
 the negroes in question with the payment of the money due him, as the price of those sold ; it demands them as
 
 his property.
 
 We are not aware that the doctrine of
 
 substitution
 
 has ever been carried to this extent. Besides, to a bill which should seek thus to charge property in the hands of an alienee of the wrongdoer, it is essential that such wrong-doer or his representative, should be a party, in order that the amount of the injury, the amount of the compensation, ,and the question whether compensation has been made or not, may be properly tried, and that satisfaction may be had, if it can be, out of the property of the wrongdoer. If the bill were framed with a view to compensation, we might not, perhaps, (though there could be but a very feeble claim to indulgence, after the repeated
 
 *445
 
 amendments allowed,) dismiss the bill, because the widow’s representatives are not before the court, but afford the plaintiff an opportunity to bring them in. We do not say that the plaintiff can have such relief, however his bill may be modified; but it is certain he cannot ask it under its present frame.
 

 We must dismiss the bill; but lest we may throw any embarrassment in the way of the plaintiff, should he be advised to seek relief on a bill framed with a different aspect, we shall, out of abundant caution, dismiss it without prejudice to such a bill.
 

 PeR Curiam. Bill dismissed.